IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:25-cr-139 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| GARLAND J. THOMPSON, | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Garland J. Thompson's *pro se* Motion for

Early Termination of Supervised Release.  (ECF No. 2).  The Government does not oppose this

Motion.  (ECF No. 4).  For the following reasons, Mr. Thompson's Motion is **GRANTED**.

**I.      BACKGROUND**

On August 28, 2014, Garland J. Thompson pleaded guilty in the U.S. District Court for the

Northern District of Ohio to one count of Conspiracy to Distribute and to Possess with Intent to

Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Judgment in a

Criminal Case at 1, *United States v. Thompson*, Case No. 14-cr-007-11 (N.D. Ohio Aug. 28, 2014)

(ECF No. 285).  He was sentenced to 130 months' imprisonment, followed by 3 years' supervised

release.  *Id.* at 2–3.  He was also ordered to enter an adult program to work toward obtaining a

General Education Development (GED) diploma as part of the conditions of his supervision.  *Id.*

at 4.

Subsequently, Mr. Thompson was released from prison in November 2023 and began

serving his term of supervised release, which is scheduled to end in November 2026.  (ECF No. 4

at 2).  Jurisdiction over his supervision was transferred to this Court in August 2025.  (ECF No.

1

1). For the past two years of supervised release, he has been, according to the Government and his probation officer, "doing extremely well on supervised release." (ECF No. 4 at 2).

On April 1, 2026, he moved *pro se* for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 2 at 1). Mr. Thompson argues that early termination is appropriate in light of his full compliance with all the conditions of supervised release. He represents that he has had no violations or contact with law enforcement and has met all reporting requirements. He indicates that he has maintained steady employment, where he has been named "Employee of the Month" and "Employee of the Year," and hopes to obtain a Commercial Driver's License following termination of supervision. (*Id.*). In 2020, while he was incarcerated, he obtained his High School Equivalency Credential. (*Id.* at 9–10). On April 28, 2026, the Government responded, indicating its non-opposition to Mr. Thompson's request "[b]ased on the probation officer's very favorable reporting." (ECF No. 4 at 2).

## II. STANDARD OF REVIEW

A court may "order early termination of the period of supervised release" when the defendant "has served one full year of supervised release." *United States v. Green*, 2009 WL 1606603, at *1 (S.D. Ohio June 5, 2009) (Marbley, J.) (citing 18 U.S.C. § 3583(e)(1)). Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct *and* is in the interest of justice. *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025). Courts must consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other

corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim.  18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

### III.    LAW & ANALYSIS

After carefully considering the statutory requirements, the Court determines that the first four factors are the most relevant to consider in this case.  First, although Mr. Thompson's heroin offense was serious, he has been very successful on his term of supervised release and only has 6 months remaining.  (ECF Nos. 2 at 1; 4 at 2).  This factor is neutral.  *Cf. United States v. Houle*, 2026 WL 292222, at *1 (S.D. Ohio Feb. 4, 2026) (Marbley, J.) (fentanyl offense neutral where defendant's other history and characteristics showed that the defendant has been a law-abiding member of society on supervised release).  Second, Mr. Thompson has served his term of imprisonment and most of his term of supervision.  The Court finds that his punishment, including a lengthy period of imprisonment, has served the purpose of adequate deterrence.  This factor weighs in favor of early termination.  *See United States v. Hodge*, 2026 WL 1283496, at *2 (S.D. Ohio May 11, 2026) (Marbley, J.).  Third, the Court is satisfied that the public has been adequately protected from Mr. Thompson, in light of the satisfaction shared by both the Government and the probation officer that he has been compliant and successful on supervised release.  (ECF No. 4 at 2).  This factor also weighs in favor of early termination.  *Hodge*, 2026 WL 1283496, at *2; *Houle*, 2026 WL 292222, at *1.  Fourth, termination of supervised release may afford Mr. Thompson with vocational opportunities to pursue his Commercial Driver's License.  (ECF No. 2 at 1).  The Court recognizes that the additional demands of supervised release could negatively impact his ability to obtain this employment.  This factor also weighs slightly in favor of early termination.

The parties do not address the sentencing range, sentencing disparities, or policy statements of the Sentencing Commission, and the Court finds that these factors are inapplicable. And because no victim is identified as needing restitution, *see* Judgment in a Criminal Case at 6, *supra*, that factor is also essentially irrelevant. *United States v. Emmert*, 2025 WL 3165226, at *2 n.2 (S.D. Ohio Nov. 13, 2025) (Marbley, J.). In sum, the first four factors, which are applicable, are all either neutral or weigh in favor of early termination.

Last, in evaluating Mr. Thompson's conduct and the interests of justice, the Court concludes that both favor early termination of supervised release. The record indicates that Mr. Thompson was fully compliant while on supervised release. He made the best of his incarceration and subsequent supervision by obtaining his GED and maintaining gainful employment. Taken together, these considerations also favor early termination of supervised release. The Court concludes that Mr. Thompson has the capability to be "successful without supervision." *United States v. Baskette*, 2022 WL 1698927, at *2 (W.D. Ky. May 26, 2022).

## IV.    CONCLUSION

This Court commends Mr. Thompson for the progress he has made and wishes him well. For these reasons and for good cause shown, his motion for early termination of supervised release is **GRANTED**. The United States Probation Office for the Southern District of Ohio is **ORDERED** to **TERMINATE** the supervised release of Garland J. Thompson.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 14, 2026**